# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SAMUEL RAMIREZ,

        Applicant,

v.                                                                                                    CIV. NO. 05-1130 JH/WPL
                                                                                                         CR. NO. 04-1510 JH

TIMOTHY HATCH, WARDEN, AND
THE UNITED STATES OF AMERICA,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      Samuel Ramirez seeks a writ requiring that he be removed from state custody and taken into federal custody to serve a sentence imposed by this Court. Ramirez did not seek any relief from the Bureau of Prisons [BOP] before commencing this proceeding. Therefore, I recommend that this proceeding be dismissed without prejudice for failure to exhaust administrative remedies.

### FACTUAL AND PROCEDURAL BACKGROUND

      In March 2004, a DEA agent filed a criminal complaint in this Court, charging that Ramirez distributed methamphetamine. [Doc. 1][1] Although he was initially detained pending trial, Ramirez was released to a halfway house in June 2004. [Doc. 5, 8] The next month, he was arrested by the Las Cruces Police Department for committing an aggravated battery. [Doc. 13, Doc. 31 unnumbered exhibit] He appeared at subsequent proceedings in the federal case pursuant to a writ of habeas corpus ad prosequendum directed to the Doña Ana County Detention Center. [Doc. 16]

      Ramirez pleaded guilty to the federal charges on October 26, 2004, and to the state charge on January 25, 2005. [Doc. 25, Doc. 31 unnumbered exhibit] On March 1, 2005, this Court

---

[1] All document number references are to documents filed in criminal number 04-1510 JH.

sentenced him to 87 months in prison. [Doc. 30]  At the sentencing hearing, there was some discussion of the fact that Ramirez had been in state custody for a period of time, but the pending case in state court was not mentioned at the hearing or in the judgment. [TR. 3/1/05 at 2-4, Doc. 30] On March 15, 2005, the state court sentenced Ramirez to three years in prison to be served concurrently with his federal sentence. [Doc. 31 unnumbered exhibit]

Ramirez commenced the current proceeding by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody. [Doc. 31]  He complained that his sentences were not running concurrently, contrary to the state court's order, and asserted that he should be returned to federal custody so the sentences would run concurrently. [Doc. 31 at 3-3a] Because Ramirez was challenging the execution of his sentence, I construed his Application as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and ordered the United States to file a response. [Doc. 34]

The United States's response asserts that "the U.S. Attorney's Office has no opposition if the BOP were to writ the defendant into federal custody in order to begin his federal sentence." [Doc. 37 at 2]  However, the United States requests that Ramirez's petition be denied because he has not exhausted his administrative remedies with the BOP. [Doc. 37 at 3]

In his reply to the United States's response, Ramirez argues that he should be receiving credit on his federal sentence now because the federal judgment states that he was "committed to the custody of the United States Bureau of Prisons to be imprisoned . . . " and that he was "remanded to the custody of the United States Marshal."  Moreover, the judgment recommends that he be placed in a particular federal prison. [Doc. 30 at 3]

Ramirez also argues that he has satisfied the exhaustion requirement. He claims that a federal

public defender informed him that his state and federal sentences were not running concurrently and advised him to write the state judge. [Doc. 38 at 2-3] Based on this advice, Ramirez filed a Motion to Amend Judgment and Sentence, which the state judge denied. [Doc. 38 Ex. B, Doc. 31 unnumbered exhibit][2]

### DISCUSSION

Except as provided by statute, the United States Attorney General, acting through the BOP, has the exclusive authority to determine when a federal sentence will begin and where it will be served. *See Weekes v. Fleming*, 301 F.3d 1175, 1179 (10th Cir. 2002). A federal sentence generally begins when "the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Language in a judgment recommending a place of confinement and committing the prisoner to the BOP or the U.S. Marshal does not alter this result. *See Hayward v. Looney*, 246 F.2d 56, 57-58 (10th Cir. 1957).

When a person violates both state and federal law, the two sovereigns apply principles of comity to determine custody of the prisoner. *See Weekes*, 301 F.3d at 1180; *Hayward*, 246 F.2d at 57. There is a presumption under federal law that when a state sentence is imposed after a federal sentence, the two sentences run consecutively. *See* 18 U.S.C. § 3584(a); *Romandine v. United*

---

[2] Ramirez's reply also includes a copy of a letter he received from a state public defender after he commenced this proceeding. The letter advises Ramirez to seek a writ of habeas corpus on the ground that his inability to serve his sentences concurrently has deprived him of the benefit of his state plea bargain. [Doc. 38 Ex. C] Some of the language in Ramirez's Application could be construed as an attack on the state conviction and plea bargain [Doc. 31 at 3a, 6a], but Ramirez did not appeal or seek habeas relief on this ground in state court. Therefore, even if I had treated his Application as a challenge to his state conviction under 28 U.S.C. § 2254, the Application would have to be dismissed for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(1).

*States*, 206 F.3d 731, 738 (7th Cir. 2000).  A state court's order for federal and state sentences to run concurrently is not binding on the BOP.  *See United States v. Williams*, 46 F.3d 57, 58 (10th Cir. 1995); *accord McCarthy v. Doe*, 146 F.3d 118, 120-21 (2d Cir. 1998); *Barden v. Keohane*, 921 F.2d 476, 478 n.4 (3d Cir. 1991).

   In this case, it appears that New Mexico has primary custody of Ramirez because the United States used a writ of habeas corpus ad prosequendum to obtain custody of him after he was arrested on the state charge.  *See Weekes*, 301 F.3d at 1180.  This writ required the United States Marshal to return Ramirez to state custody once all procedures were concluded before this Court.  [Doc. 16] He was then sentenced on the state charge after being sentenced on the federal charges.

   Therefore, as things currently stand, Ramirez's federal sentence will not begin until he is received at a federal prison following completion of his state sentence.  *See* 18 U.S.C. §§ 3584(a), 3585(a); *Williams*, 46 F.3d at 58; *Hayward*, 246 F.2d at 57-58.  However, the BOP may cause the two sentences to run concurrently by retroactively designating the state facility where Ramirez is incarcerated as the place of federal imprisonment or by accepting his transfer into federal custody.  *See* 18 U.S.C. § 3621(b); *Romandine*, 206 F.3d at 738; *Rogers v. United States*, 180 F.3d 349, 356 (1st Cir. 1999); *Barden*, 921 F.2d at 478; FEDERAL BUREAU OF PRISONS, PROGRAM STATEMENT, NO. 5160.05 (Jan. 16, 2003).  *But see McCarthy*, 146 F.3d at 123 (indicating that the BOP has no discretion to effectuate concurrent sentences if the presumption of consecutive sentences found in § 3584(a) applies).

   To attain this designation or transfer, Ramirez must first seek redress with the BOP.  Only after exhausting the BOP's administrative remedies may he obtain relief in federal court.  *See Romandine*, 206 F.3d at 738; *Rogers*, 180 F.3d at 356-57; *see also United States v. Woods*, 888 F.2d

4

653, 654 (10th Cir. 1989) (holding that defendant who seeks sentence credit for time spent at halfway house is required to exhaust administrative remedies).

In its response to Ramirez's Application, the United States clearly argued that Ramirez must exhaust his administrative remedies with the BOP. Although Ramirez filed a reply to the response, he did not attempt to show that he exhausted administrative remedies. Instead, he only attempted to show that he pursued some relief in state court. It thus appears to be undisputed that Ramirez has not sought any remedy for his situation from the BOP. Accordingly, his Application should be dismissed without prejudice. *See Nguyen v. Booker*, No. 97-3338, 1998 WL 568285 at *1 (10th Cir. Sept. 3, 1998) (holding that district court correctly dismissed § 2241 petition seeking credit for time served because petitioner admitted that he did not exhaust administrative remedies with the BOP).

### RECOMMENDATION

For the reasons stated herein, I recommend that Ramirez's Application, which I have construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, be dismissed without prejudice for failure to exhaust administrative remedies.

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_William P. Lynch_
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE